IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Filed
2003 SEP 30 AM 10: 37

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| SIX L'S PACKING CO., INC., and PRODUCE, INC. | ) ) ) ) |
| Defendants. | ) ) ) ) ) |

2:03-cv-570-FtM-29 DNF

CIVIL ACTION NO.:

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

COMPLAINT
JURY TRIAL DEMAND
INJUNCTIVE RELIEF SOUGHT

**DOUGLAS N. FRAZIER
U.S. MAGISTRATE JUDGE**

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Myriam Seide, Marie Francois and Elaine Francis who were adversely affected by such practices. As stated with greater particularity in paragraph 9 below, the United States Equal Employment Opportunity Commission alleges that Ms. Seide, Ms. Francois and Ms. Francis were subjected to unlawful sexual harassment at Defendants' place of business in Immokalee, Florida, by their immediate supervisors Jean Magloire and Estill "Steve" Raymond. The conduct was sufficiently severe and pervasive to constitute an intimidating, hostile and offensive work environment and, in the case of Ms. Seide, resulted in a tangible adverse employment action. The Commission further alleges that Ms. Seide was retaliated against by being terminated for complaining about the harassment and/or for rejecting her supervisor's sexually offensive conduct.

1

)                                    )

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Fort Myers Division.

## PARTIES

3.      Plaintiff, the United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Six L's Packing Co., Inc. ("Six L's"), has continuously been a Florida corporation doing business in the State of Florida and the City of Immokalee, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Produce, Inc. ("Produce"), has continuously been a Florida corporation doing business in the State of Florida and the City of Immokalee, and has continuously had at least 15 employees.

6.      At all relevant times, Defendant Six L's has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7.     At all relevant times, Defendant Produce has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8.     More than thirty days prior to the institution of this lawsuit, Myriam Seide, Marie Francois and Elaine Francis each filed a charge with the Commission alleging violations of Title VII by Defendant Employers. All conditions precedent to the institution of this lawsuit have been fulfilled.

9.     Since at least January, 2000, Defendants Six L's and Produce (collectively "Employers") have engaged in unlawful employment practices at their Immokalee, Florida, facility, in violation of Section 703(a)(1) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a) and 2000e-3(a).

   a)   Myriam Seide was regularly subjected to sexual harassment by her supervisor/manager, Jean Magloire, in the form of unwelcome verbal comments and conduct of a sexual nature which was sufficiently severe and pervasive to constitute an intimidating, hostile and offensive work environment, and which resulted in a tangible adverse employment action. The harassment included, but was not limited to, repeated requests for sex and/or sexual favors.

   b)   Defendant Employers are liable for the unlawful sexual harassment to which they subjected Ms. Seide during her employment.

   c)   Marie Francois was regularly subjected to sexual harassment by her supervisor/manager, Estill "Steve" Raymond, in the form of unwelcome physical and verbal conduct of a sexual nature which was sufficiently severe

)            )

and pervasive to constitute an intimidating, hostile and offensive work environment. The harassment included, but was not limited to, touching, grabbing and kissing.

d) Defendant Employers are liable for the unlawful sexual harassment to which they subjected Ms. Francois during her employment.

e) Elaine Francis was regularly subjected to sexual harassment by her supervisor/manager, Estill "Steve" Raymond, in the form of unwelcome physical and verbal conduct of a sexual nature which was sufficiently severe and pervasive to constitute an intimidating, hostile and offensive work environment. The harassment included, but was not limited to, touching, grabbing and sexually vulgar comments such as "you have a big pussy".

f) Defendant Employers are liable for the unlawful sexual harassment to which they subjected Ms. Francis during her employment.

g) Defendant Employers unlawfully retaliated against Ms. Seide for complaining about and/or rejecting her supervisor's sexually offensive conduct. Specifically, Defendant Employers retaliated against Ms. Seide by terminating her employment after she complained about her supervisor's inappropriate sexual conduct directly in front of her supervisor, and refused his requests for sex and/or sexual favors.

10. The effect of the conduct complained of in paragraph 9 above has been to deprive Ms. Seide, Ms. Francois and Ms. Francis of equal employment opportunities and otherwise

adversely affect their status as employees on the basis of sex and retaliation.

11. The unlawful employment practices complained of in paragraph 9 above were intentional.

12. The unlawful employment practices complained of in paragraph 9 above were done with malice or with reckless indifference to the federally protected rights of Ms. Seide, Ms. Francois and Ms. Francis.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employers, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in unlawful retaliation, sexual harassment, or any other employment practice which discriminates on the basis of sex or retaliation.

B. Order Defendant Employers to institute and carry out policies, practices, and programs which provide equal employment opportunities for all its employees regardless of sex, or having engaged in a protected activity, and which eradicate the effects of its past unlawful employment practices.

C. Order Defendant Employers to make whole Ms. Seide by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, reinstatement, rightful place promotion, job search expenses and/or front pay.

D. Order Defendant Employers to make whole Ms. Seide, Ms. Francois and Ms. Francis by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 9 through 12 above including, but not limited to,

medical expenses and out of pocket losses, in amounts to be determined at trial.

E. Order Defendant Employers to make whole Ms. Seide, Ms. Francois and Ms. Francis by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 9 through 12 above including, but not limited to, emotional pain, suffering, humiliation, inconvenience, loss of enjoyment of life, in amounts to be determined at trial.

F. Order Defendant Employers to pay Ms. Seide, Ms. Francois and Ms. Francis punitive damages for its malicious and reckless conduct described in paragraphs 9 through 12 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

ERIC DREIBAND
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

DELNER FRANKLIN-THOMAS
Regional Attorney

_____
MICHAEL FARRELL, ESQ.
Florida Bar No. 0053228
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
One Biscayne Tower, Suite 2700
Two South Biscayne Boulevard
Miami, FL  33131-1805
Tel.: (305) 530-6004; Fax: (305) 536-4494